IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10960
Summary Calendar
_____

In The Matter of:  CHARLES SIMPSON CHRISTOPHER,

Debtor.

CHARLES SIMPSON CHRISTOPHER,

Appellant,

versus

DIAMOND BENEFITS LIFE INSURANCE CO.,

Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(5:93-CV-156-C)
_____

May 8, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

At issue in this appeal is the bankruptcy court's ruling that

the debtor, Charles S. Christopher, failed to give constitutionally

adequate notice of his Chapter 11 bankruptcy filing in the Northern

District of Texas to a known creditor, Diamond Benefits Life

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Insurance Company ("Diamond Benefits"). The district court affirmed. So do we.

Our court is by now quite familiar with the factual background of Christopher's bankruptcy and the ensuing adversary proceedings, which we need not repeat in detail. See Matter of Christopher, 35 F.3d 232 (5th Cir. 1994); Matter of Christopher, 35 F.3d 567 (5th Cir. 1994); Matter of Christopher, 28 F.3d 512 (1994). For the purposes of this opinion, we merely note that Christopher does not dispute that he was intimately aware of Diamond Benefits's creditor status. In fact, Christopher was an investor in the group that acquired Diamond Benefits, and Christopher served as a director and chairman of Diamond Benefits. Christopher concedes in his reply brief that "[a]nalytically ... we are in the posture in which Debtor Christopher admits claimant Diamond Benefits is unscheduled and received no notice."[1]

---

[1]Christopher further conceded during his cross-examination at trial:

> COUNSEL: ... [Y]ou're aware that Diamond Benefits was placed in receivership by the State of Arizona in December of 1989?
>
> CHRISTOPHER: Yes, sir.
>
> COUNSEL: And you do not claim, sir, do you, that at any time subsequent to the time a receiver was appointed for Diamond Benefits that you gave any kind of notice verbal, written or otherwise to the receiver of the fact that you were in bankruptcy?
>
> CHRISTOPHER: No, I don't.

Notwithstanding this admission, Christopher first argues on appeal that Diamond Benefits received actual notice of Christopher's bankruptcy because a front page newspaper article in the Arizona Republic, which appeared over a Thanksgiving holiday weekend, mentioned the fact that Christopher had filed bankruptcy in Texas. According to Christopher, this article should have been read by the Special Deputy Receiver of Diamond Benefits (the "Receiver"), who subscribed to the newspaper and was mentioned by name in the article. The Receiver, however, testified in a deposition that he did not recall the particular newspaper article. The Receiver reaffirmed his deposition testimony at trial.

The law is clear in our circuit: due process requires notice that is (1) reasonably calculated to reach all interested parties; (2) reasonably conveys all of the required information; and (3) permits a reasonable amount of time for response. E.g., In re Eagle Bus Mfg. Inc., 62 F.3d 730 (5th Cir. 1995). We hold that Christopher's reliance on the Receiver's chance reading of a holiday weekend feature story, which just happened to appear-- through no calculated effort on the part of Christopher--in an Arizona newspaper, falls short of satisfying the Constitution's due process requirements and the law of this circuit.

Christopher also alleges on appeal that he gave actual notice of his bankruptcy to no less than seven co-directors, officers or attorneys of Diamond Benefits before the insurance company went into receivership. Christopher asserts that the knowledge of these

former associates should now be imputed to the Receiver. However, Christopher glosses over the fact that, by order of the Superior Court of Arizona, Diamond Benefits was placed into receivership, and Christopher's former co-directors and associates were ousted. We affirm the bankruptcy court's ruling that the alleged notice to members of the company's former management, under whose direction Diamond Benefits was driven to insolvency, cannot be imputed to a newly appointed Receiver charged with investigating the prior mismanagement. Based on the evidence presented in this record, the bankruptcy court's factual finding that Christopher's former business associates acted with interests adverse to those of the Receiver is not clearly erroneous;[2] hence, as a matter of law, the knowledge of the company's former management is not attributable to the Receiver. See, e.g., FDIC v. O'Melveny & Meyers, 969 F.2d 744, 750 (9th Cir. 1991) (knowledge acquired by the agent who is acting adversely to its principal will not be attributed to the

---

[2]Christopher claims that he gave notice of his bankruptcy filing to an associate, William Spartin, who joined Diamond Benefits as Christopher's administrative assistant and later became a member of the company's board of directors. Christopher argues that Spartin can be distinguished from the other members of Diamond Benefits's ousted management because Spartin was a "non-conspirator" and a "loyal agent" of the company. However, the record reveals that the Receiver sued Spartin as a co-defendant with Christopher and other former directors and officers of Diamond Benefits in the United States District Court for the District of Arizona on grounds of wrongful conversion, breach of statutory and fiduciary duties, and RICO violations. Notwithstanding the fact that Spartin was eventually dismissed from the Arizona litigation, the bankruptcy court did not clearly err in finding that Christopher's former associates at Diamond Benefits, including Spartin, had interests adverse to those of the Receiver.

principal); <u>FDIC v. Lott</u>, 460 F.2d 82, 88 (5th Cir. 1972) (knowledge possessed by bank officer acting in his own interest is deemed adverse and is not imputable to the bank); <u>Odom v. Ins. Co. of the State of Pa.</u>, 441 S.W.2d 584, 591 (Tex.App.--Austin 1969), <u>aff'd</u>, 455 S.W.2d 195 (Tex. 1970).

Accordingly, the district court's judgment is

A F F I R M E D.